Filed 12/22/14  P. v. Ramirez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CUZTODIO RAMIREZ,<br><br>    Defendant and Appellant. | D064607<br><br><br>(Super. Ct. No. SCD104088) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Since 1995, defendant and appellant Cuztodio Ramirez has been serving an indeterminate term of 25 years to life in state prison as a three-strike offender. In 2013, the trial court denied his petition for resentencing under Penal Code[1] section 1170.126, finding that the release of defendant would constitute an unreasonable risk of danger to public safety.

On appeal, defendant contends this court should apply a de novo standard of review and conclude he does not pose an unreasonable risk of danger to public safety. As we explain, we conclude an abuse of discretion standard of review applies when reviewing an appeal from a trial court's denial of a resentencing petition under section 1170.126. We further conclude there was no abuse of discretion here. Affirmed.

BACKGROUND

A. *Third Strike*

In 1994, defendant was arrested for selling three "chunks of rock cocaine base" to an undercover police officer, in violation of Health and Safety Code section 11352, subdivision (a), a nonserious and nonviolent offense. In that case, the People pleaded and proved defendant's three prior serious or violent felonies, discussed *post*. After being found guilty in a jury trial, the court sentenced defendant to 25 years to life in state prison (Pen. Code, § 667, subds. (b)-(i)).[2]

---

[1]    Unless otherwise noted, all statutory references are to the Penal Code.

[2]    After an appeal, the trial court in 1996 struck one enhancement (not relevant to our considerations here) and resentenced defendant to 25 years to life in state prison.

B. *Proposition 36*

In 2012, the California electorate approved Proposition 36, which reformed California's "three strikes" sentencing regime. Among other changes, it enacted section 1170.126, which provides that an inmate serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony may petition to have his or her sentence recalled. Upon finding that an inmate is eligible for resentencing, subdivision (f) of section 1170.126 provides that the petitioner "shall be resentenced [under the current three strikes laws] unless the court, *in its discretion*, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Italics added.)

C. *Defendant's Petition*

In January of 2013, defendant filed a petition for recall of his sentence pursuant to section 1170.126.[3] His petition was supported by declaration. Defendant's brother stated he was willing to house defendant on release, and the Families to Amend California's Three Strikes Education Fund stated it was willing to offer defendant assistance and legal advice.

At the August 2013 hearing on defendant's petition, both parties agreed that defendant was eligible for resentencing. However, the People argued that, based on his extensive history of violent criminal activity and his unsatisfactory prison disciplinary record, as also discussed *post*, resentencing defendant would constitute an unreasonable

---

3     Defendant's initial petition, filed in propia persona, was followed by another petition prepared by appointed counsel.

risk of danger to public safety. Defendant argued that his record showed he was "slowing down" as he aged, and that, based on his medical condition, his vocational experience and his postrelease support structure, he should be resentenced.

After listening to the parties' arguments and considering all submissions before it, including defendant's disciplinary record (which the court characterized as "persistent and atrocious"), the court denied defendant's petition to be resentenced and remanded him to the Department of Corrections and Rehabilitation to serve the remainder of his sentence.

DISCUSSION

A. *Standard of Review*

The primary issue on appeal[4] is the standard of review we should apply when reviewing a court's finding of dangerousness made pursuant to section 1170.126. As noted *ante*, section 1170.126 was enacted by voter initiative. "In interpreting a voter initiative, we apply the same principles that govern our construction of a statute. [Citation.] We turn first to the statutory language, giving the words their ordinary meaning. [Citation.] If the statutory language is not ambiguous, then the plain meaning of the language governs. [Citation.]" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1006.)

As also noted *ante*, section 1170.126, subdivision (f) provides that the petitioner shall not be resentenced if "the court, *in its discretion*, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Italics added.)

---

4      We note our Supreme Court in *Teal v. Superior Court* (2014) 60 Cal.4th 595 held a court's denial of a defendant's petition for recall of sentence under section 1170.126 was an appealable order. (*Teal*, at p. 597.)

By its plain language, subdivision (f) of section 1170.126 leaves the determination of whether resentencing would present an unreasonable risk of danger to public safety to the *discretion* of the court. This conclusion is further supported by subdivision (g) of this same statute, which provides in part that a court may consider various enumerated factors "[i]n exercising its *discretion* in subdivision (f)." (Italics added.)

When an authorizing statute uses the phrase "in its discretion," a reviewing court traditionally has reviewed a court's decision for abuse of discretion. (See, e.g., *People v. Sapp* (2003) 31 Cal.4th 240, 257-258 [refusal to sever a trial and/or counts under Pen Code, § 954 reviewed for abuse of discretion]; *People v. Daniels* (2009) 176 Cal.App.4th 304, 320 [exclusion of evidence under Evid. Code, § 352 reviewed for abuse of discretion].) We are not aware of, nor has defendant cited to, any case authority in which an authorizing statute using the language "in its discretion" has been subjected to a different standard of review.

In addition, we note the only authorities that use the language "unreasonable risk of danger to public safety" similar to subdivision (f) of section 1170.126 are in the context of parole board determinations, which also are reviewed under a deferential "some evidence" standard. (See, e.g., *In re Gomez* (2010) 190 Cal.App.4th 1291, 1305.)

Defendant nonetheless contends that the statutory language "in its discretion" is not clear in its meaning and that we must look to the voter's intent to determine the appropriate standard of review. Citing to the Proposition 36 ballot material,[5] defendant

---

5        Available at http://voterguide.sos.ca.gov/past/2012/general/propositions/36/.

argues that the discretionary language in section 1170.126 refers to the court's broad discretion in determining what *evidence* is relevant to its considerations. We agree with defendant that the discretionary language used in subdivision (g)(3) of section 1170.126 refers to evidentiary considerations, as this subdivision provides in part that a court may consider "[a]ny other *evidence* the court, within its discretion determines to be relevant" in deciding dangerousness. (Italics added.) At the same time, we disagree with defendant's contention that similar language in subdivision (f) refers merely to evidentiary discretion.

Defendant also contends that de novo review is warranted of the dangerousness finding made pursuant to subdivision (f) of section 1170.126 because his petition presents a mixed issue of law and fact and, therefore, is similar to other such determinations that are reviewed de novo. (See, e.g., *People v. Kennedy* (2005) 36 Cal.4th 595 [determination of whether a lineup procedure was unduly suggestive is reviewed de novo]; *People v. Butler* (2003) 31 Cal.4th 1119 [court-ordered HIV testing in sexual assault cases reviewed de novo]; *People v. Cromer* (2001) 24 Cal.4th 889 [determination of district attorney's due diligence in seeking out witness, in the context of admitting prior testimony, is reviewed de novo].)

In support of this contention, defendant distinguishes this line of cases from another line of cases reviewed for abuse of discretion (such as jury bias or a defendant's competence to stand trial) (see *People v. Cromer*, *supra*, 24 Cal.4th at p. 895), claiming that in the latter cases the trial court is better positioned than the appellate court to make credibility determinations. Defendant further maintains that the instant case falls into the

6

former line of cases because the trial court here relied only on written reports of out-of-court conduct, did not take testimony, was not required to make credibility determinations and, thus, was in no better position than this court to make factual determinations. We reject this contention.

As noted, a court is granted broad discretion in determining the evidence to be considered at a section 1170.126 hearing. (§ 1170.126, subd. (g)(3).) Although the record here shows no in-court evidence was in fact presented by the parties, clearly that will not always be the case as a trial court in some instances will be called on to make credibility determinations and other factual determinations from the evidence presented at the hearing on a section 1170.126 petition. (See, e.g., *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1291 [noting both petitioners and victims have a right to be heard at a § 1170.126 hearing].)

Moreover, in our view a trial court's determination whether a petitioner poses an "unreasonable risk of danger to public safety" is substantially more fact intensive, for example, than a lineup procedure (*People v. Kennedy*, *supra*, 36 Cal.4th 595) or a due diligence determination (*People v. Cromer*, *supra*, 24 Cal.4th 889). As noted, a determination under section 1170.126 involves reviewing "petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes" (§ 1170.126, subd. (g)(1)); petitioner's "disciplinary record and record of rehabilitation while incarcerated" (*id.*, subd. (g)(2)); and "[a]ny other evidence" the court deems relevant in determining dangerousness (*id.*, subd. (g)(3)).

7

We also reject defendant's contention because the mixed question of fact and law rule applies specifically to "mixed question determinations affecting *constitutional* rights." (*People v. Cromer*, *supra*, 24 Cal.4th at p. 901, italics added.) Because the right to have one's sentence recalled under section 1170.126 is granted by statute, this contention is unavailing. (See *People v. Superior Court (Kaulick)*, *supra*, 215 Cal.App.4th at p. 1304 [citing *Dillon v. United States* (2010) 560 U.S. 817 and noting that resentencing under § 1170.126 is not constitutionally mandated but rather is an "act of lenity on the part of the electorate"].)

Finally, we note that none of the cases cited by defendant involve determinations made pursuant to a statute where the language expressly states the court should exercise its discretion, as is the case here. (See § 1170.126, subd. (f).)

Defendant next claims that de novo review should apply to the dangerousness finding because the trial court is required by statute to make an objective analysis of the risks presented to society, should the petitioner be resentenced. In support of this contention, defendant cites to *People v. Adair* (2003) 29 Cal.4th 895 and argues that an "unreasonable risk of danger to public safety" is an objective standard, and no deference is therefore due. We disagree, as this statutory language is conditioned by other language in subdivision (f) of section 1170.126 that provides this determination is to be made at the court's *discretion*.

Moreover, *People v. Adair* is inapposite here. There, our high court concluded a determination of a petition under section 851.8, subdivision (b) was subject to a de novo review. Briefly, section 851.8, subdivision (c) provides in part that if a "person has been

8

arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may . . . petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made." Subdivision (b) of section 851.8 also provides that a finding of factual innocence "shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made."

Although the inquiry under section 851.8 was factually intensive, the court in *People v. Adair* concluded a de novo standard of review applied because the "reasonable cause" language in subdivision (b) of section 851.8 established an objective standard in determining factual innocence that "d[id] not accommodate any exercise of discretion to which the appellate court should defer." (*People v. Adair*, *supra*, 29 Cal.4th at p. 908.)

Unlike section 851.8, however, section 1170.126 at issue here uses no such objective language. Instead, section 1170.126 explicitly leaves the determination of dangerousness to the discretion of the court. As such, we conclude *People v. Adair* does not support the application of the de novo standard of review to dangerousness in subdivision (f) of section 1170.126.

Defendant also contends that de novo review is needed to give guidance to lower courts in making future determinations of what constitutes an unreasonable risk of danger to public safety. This argument is unavailing. The inclusion in section 1170.126 of discretionary language indicates that the voters intended to leave to the discretion of the trial court the question whether resentencing would constitute an unreasonable risk. This standard is not dissimilar to the "furtherance of justice" language found in section 1385,

9

subdivision (a), which governs a court's authority to "strike a strike" and which is similarly reviewed for abuse of discretion. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.)

Because none of defendant's contentions override the plain language of the statute, we conclude that an abuse of discretion standard of review applies to a court's determination that a petitioner should not be resentenced because he or she poses "an unreasonable risk of danger to public safety" within the meaning of subdivision (f) of section 1170.126. We turn now to whether the court below abused its discretion in refusing to grant defendant's petition.

B. *Unreasonable Risk of Danger to Public Safety*

From our review of the record, we conclude the trial court did not abuse its discretion in refusing to grant defendant's Penal Code section 1170.126 petition. The record shows defendant has an extensive criminal background dating back to 1973. That year, he received two years' probation for fighting in public (Pen. Code, § 415). A year later, he received three years probation for tampering with a vehicle (Veh. Code, § 10852).

In 1975, defendant was sentenced to 180 days in jail, suspended, for carrying a concealed firearm (§ 12025). Later that same year, he was sentenced to 90 days in jail and three years' probation for providing false information to a police officer (§ 148). In 1980, defendant pleaded guilty to a charge of attempted robbery (§§ 211 & 664) stemming from an incident in which three undocumented immigrants traveling to Los Angeles were attacked and stabbed by a codefendant. Defendant was sentenced to two

10

years in state prison for that offense. In 1982, defendant was arrested for first degree burglary (§ 459) and robbery (§ 211) and, after pleading guilty, was again sentenced to two years in state prison. While in prison, defendant received a two-year prison sentence (to run concurrently) for assault with a deadly weapon or instrument (§ 4501).

In the six years following his release on parole, defendant was charged with nine more crimes (mostly for being under the influence of a controlled substance in violation of Health & Saf. Code, § 11550, subd. (a)). As noted *ante*, in 1994 defendant was arrested for selling rock cocaine base to an undercover police officer, in violation of Health and Safety Code section 11352, subdivision (a). After being found guilty, defendant was sentenced to the indeterminate term of 25 years to life as a result of three strike priors (Pen. Code, § 667, subds. (b)-(i)).

Since being confined in 1995 to state prison, defendant has received 115 citations, including striking another inmate in the head with a 20-pound dumbbell, which resulted in the victim receiving a two- to three-inch laceration on the head (1995); stabbing his cellmate twice with a "cutting device measuring 5 inches in length and 1 inch in diameter" (2008); and, most recently, participating in a prison riot (2012). Defendant's other citations run the gamut from mutual combat and resisting staff necessitating the use of force, at one extreme, to theft of state property under $50, manufacturing alcohol and failing to return a library book, at the other. Prison officials documented that defendant was "very close with" and accepted as a member of the "Southern Hispanic" prison gang.

When defendant filed his petition in 2013, he was 58 years old and suffered from numerous medical conditions including back problems and liver disease. While

incarcerated for his 1980 offense, he obtained his GED and learned several vocational skills. Since being incarcerated in 1995, defendant has worked as a sanitation worker and as a porter/clerk, and has received reviews ranging from above average to unsatisfactory. He also has attended Alcoholics Anonymous and Narcotics Anonymous meetings, and courses in anger management.

The record shows the court properly considered all evidence before it, including defendant's extensive criminal history, his disciplinary record while incarcerated and his age, health and efforts at rehabilitation. The court found that defendant's resentencing would constitute an unreasonable risk of danger to public safety, which finding we conclude was also supported by substantial evidence in the record, as summarized *ante*. We thus further conclude the court did not abuse its discretion when it denied defendant's petition under section 1170.126.

## DISPOSITION

The order denying defendant's petition for recall of a sentence, brought under section 1170.126, is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

McDONALD, J.

12